# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| DEFRIECE HOLLIDAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:18-cv-02446-TLP-tmp |
| v. | ) | |
| | ) | JURY DEMAND |
| STATE OF TENNESSEE, JUDGE PAULA | ) | |
| SKAHAN, and ATTORNEY PATIRCK | ) | |
| BROOKS, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DIRECTING PLAINTIFF TO FILE A NON-PRISONER
IN FORMA PAUPERIS AFFIDAVIT OR PAY THE $400 CIVIL FILING AND
TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED**

On June 29, 2018, Plaintiff Defriece Holliday, who at the time of filing was incarcerated at the Shelby County Correctional Center in Memphis, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion for leave to proceed in forma pauperis. (ECF Nos. 1, 2.) The Court granted Holliday leave to proceed in forma pauperis and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) On July 11, 2018, Holliday informed the Court that his address has changed indicating that he is no longer incarcerated. (ECF No. 5.) On August 10, 2018, mail sent to Plaintiff was returned as undeliverable with the notation "Return to Sender Inmate Discharge." (ECF No. 6.)

The most basic responsibility of a litigant is to keep the Court advised of his whereabouts. Because Holliday has made no effort to keep the Court apprised of his location,

he is hereby ORDERED to show cause, in writing and within twenty-one (21) days after the date of this order, why this case should not be dismissed for failure to prosecute.

Should Plaintiff respond to the order to show cause, Holliday must also comply with the filing fee requirements for a released inmate. Under the Prison Litigation Reform Act, 28 U.S.C. § 1915(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. However, in this case, the filing fee was not paid prior to Plaintiff's release. Under these circumstances, the Sixth Circuit has held that, "[a]fter release, the obligation to pay the remainder of the fees is to be determined solely on the question of whether the released individual qualifies for pauper status." *McGore v. Wrigglesworth*, 114 F.3d 601, 613 (6th Cir. 1997), *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Therefore, Holliday is **ORDERED** to submit either the five-page non-prisoner in forma pauperis affidavit or the entire $400 filing fee[1] within 30 days after the date of this order. The Clerk shall mail Holliday a copy of the non-prisoner in forma pauperis affidavit form along with this order.

Failure to comply with this order in a timely manner will result in the dismissal of this action without further notice, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. In addition, § 1914(b) requires the clerk to "collect from the parties such additional fees . . . as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed in forma pauperis under 28 U.S.C. § 1915. Therefore, if Plaintiff submits a non-prisoner affidavit and the Court finds that he still qualifies for pauper status, he will not be responsible for the additional $50 fee.

**SO ORDERED**, this 30th day of August, 2018.

                                          s/Thomas L. Parker
                                        THOMAS L. PARKER
                                        UNITED STATES DISTRICT JUDGE